# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GREGORY SNODGRASS,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0446** (BOR Appeal No. 2050922)
                    (Claim No. 2010110134)

**WEST VIRGINIA DIVISION OF JUVENILE SERVICES – GENE SPADARO CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory Snodgrass, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Juvenile Services – Gene Spadaro Center, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is whether further temporary total disability benefits should be granted in this claim. This appeal originated from the December 20, 2013, claims administrator's decision denying temporary total disability benefits. In its November 3, 2015, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated April 13, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Gregory Snodgrass, a correctional officer, was injured in the course of his employment while trying to restrain a juvenile inmate on October 6, 2009. There was no evidence of acute fracture, vertebral malalignment, or focal bony lesion. On October 13, 2009, the claims administrator held the claim compensable for lumbosacral sprain/strain and granted temporary total disability benefits from October 7, 2009, through October 15, 2009. Mr. Snodgrass

1

remained off work for approximately a week and a half and took prescribed medication for two weeks.

Mr. Snodgrass performed his duties at the same position for approximately seventeen months without trouble until he began experiencing low back pain in March of 2011. He was treated at Barboursville Physical Therapy on March 9, 2011, when it was noted his problems began three weeks prior for no apparent reason. Mr. Snodgrass continued to work until January 26, 2012, when he could no longer perform his duties. At that time, Mr. Snodgrass filed an application to reopen his claim regarding the October 6, 2009, injury.

Mr. Snodgrass has an extensive history of back pain. On March 21, 2000, Mr. Snodgrass injured his low back in the course of his employment. His claim was eventually held compensable for lumbosacral joint ligament. On April 6, 2000, an MRI of the lumbar spine demonstrated degenerative disc changes at L4-5. Mr. Snodgrass underwent a microdiscectomy performed by David Weinsweig, M.D., on July 18, 2001. He was eventually granted a 19% permanent partial disability award based on the independent medical evaluation of Bruce Guberman, M.D., who evaluated Mr. Snodgrass following his March 21, 2000, injury. Mr. Snodgrass eventually had to undergo a second procedure performed by Dr. Weinsweig on May 15, 2006. In a follow-up, Dr. Weinsweig noted that Mr. Snodgrass was doing quite well overall. Mr. Snodgrass underwent another independent medical evaluation performed by Dr. Guberman on September 18, 2006. His impression was acute and chronic lumbosacral strain, post-traumatic status post laminectomy and discectomy at the L4-5 level (two times). Dr. Guberman found Mr. Snodgrass had reached maximum medical improvement and assessed 12% impairment. However, because Mr. Snodgrass had already received a 19% permanent partial disability award for this injury, no further compensation was necessary.

On February 1, 2012, the claims administrator denied Mr. Snodgrass's request to reopen the claim regarding the October 6, 2009, injury. Mr. Snodgrass saw Dr. Weinsweig for a neurological consultation on April 11, 2012. Dr. Weinsweig noted that Mr. Snodgrass had done well following the 2001 and 2006 procedures but suffered an injury in 2009 and now had recurrent back pain. Dr. Weinsweig found Mr. Snodgrass suffered from recurrent lumbar radiculopathy that was temporally related to the October 6, 2009, work injury.

Dr. Guberman performed another independent medical evaluation of Mr. Snodgrass on November 26, 2012. Dr. Guberman's impressions were acute lumbar strain occurring at work on October 6, 2009; chronic low back pain following injury at work on March 21, 2000; status post left L4-5 lumbar microdiscectomy on July 18, 2001; status post left L4-5 re-exploration for microdiscectomy on May 15, 2006; and residual disc protrusion or granulation tissue at L4-5 on the left by an MRI scan performed on April 29, 2011. Dr. Guberman opined that Mr. Snodgrass's current symptoms were more likely related to the initial March 21, 2000, injury. He found Mr. Snodgrass suffered no impairment as a result of the October 6, 2009, injury.

On June 7, 2013, the Office of Judges reversed the February 1, 2012, claims administrator's decision denying temporary total disability benefits. The Office of Judges

granted the benefits from January 26, 2012, through April 26, 2012, and authorized a referral to Dr. Weinsweig.

On July 18, 2013, Mr. Snodgrass saw Gregory Elkins, M.D. Dr. Elkins diagnosed displacement of the lumbar intervertebral disc without myelopathy; sprains and strains of the sacroiliac regions; and lumbosacral joint ligament. Dr. Elkins helped Mr. Snodgrass complete a form to reopen his claim and indicated that he continued to be disabled from February 27, 2012, to the present. Dr. Elkins advised that Mr. Snodgrass continued to suffer a worsening pain and tenderness in his back and leg.

An MRI was performed on Mr. Snodgrass's lumbar spine on August 5, 2013. The MRI revealed a stable appearance with mild degenerative changes and no central stenosis or significant foraminal narrowing. Dr. Weinsweig subsequently saw Mr. Snodgrass for low back pain on September 11, 2013. An x-ray taken that day revealed degenerative disc disease changes and underlying canal stenosis was suspected. Dr. Weinsweig's impression was that Mr. Snodgrass suffered from chronic pain with an element of radiculopathy due to degenerative disc disease mainly at L4-5.

On November 5, 2013, Rebecca Thaxton, M.D., performed a physician review. She advised that the evidence of record indicated that Mr. Snodgrass's current off-work status was due to degenerative spine disease and not the work-related injury. Based on Dr. Thaxton's report, the claims administrator denied temporary total disability benefits on December 20, 2013.

On April 10, 2014, Dr. Guberman performed a record review and continued to opine that Mr. Snodgrass's current symptoms, findings of radiculopathy, and possible need for surgery were related to the March 21, 2000, injury. The abnormal findings were present when Dr. Guberman evaluated Mr. Snodgrass on September 18, 2006, prior to the subject injury. On November 5, 2014, Dr. Guberman testified at a deposition that he had the opportunity to examine Mr. Snodgrass three times since his first injury in 2000. Dr. Guberman noted that each time he had examined Mr. Snodgrass, his complaints had been relatively the same. Dr. Guberman did not agree with Dr. Weinsweig's prior April 11, 2012, statement attributing Mr. Snodgrass's symptoms to the October 6, 2009, injury. Dr. Guberman did not believe that Dr. Weinsweig was aware that Mr. Snodgrass was still experiencing symptoms from the March 21, 2000, injury as late as 2006. Dr. Guberman still attributed the symptoms to the March 21, 2000, injury.

Mr. Snodgrass testified at a deposition on December 11, 2014, that he injured his back at work on October 6, 2009. He returned to work a week later and continued in the same job for two years. During that time, Mr. Snodgrass testified that he was taking pain medication. However, the medication made his stomach bleed and he had to cease taking it. He testified that he could not work without medication so Dr. Elkins took him off work. He has never been released to return to work and continues to suffer pain in his low back and into his left hip and leg.

On December 29, 2014, Dr. Guberman authored correspondence advising that he had reviewed additional records and still agreed with his prior impressions and recommendations. He

concluded that Mr. Snodgrass had experienced problems with his lower back since the March 21, 2000, injury.

On November 3, 2015, the Office of Judges affirmed the claims administrator's decision denying temporary total disability benefits beyond April 26, 2012. Dr. Guberman has had the opportunity to evaluate Mr. Snodgrass three times since his initial March 21, 2000, injury. Mr. Snodgrass was experiencing symptoms from the injury as late as 2006. The symptoms listed on the application to reopen the claim are very similar to those Mr. Snodgrass reported at each of his appointments with Dr. Guberman. Dr. Guberman has continuously stated that he believes that Mr. Snodgrass's current symptoms are related to the March 21, 2000, injury. Further, Dr. Weinsweig has opined that the symptoms are related to Mr. Snodgrass's degenerative disc disease. Dr. Weinsweig has also had extensive interaction with Mr. Snodgrass, including two surgeries and multiple appointments. Dr. Thaxton also opined that Mr. Snodgrass's symptoms are related to his degenerative disc disease rather than the October 6, 2009, injury. None of these doctors have attributed the symptoms to the October 6, 2009, injury. The Office of Judges clarified that while Dr. Weinsweig had previously attributed the symptoms to the 2009 injury, he subsequently attributed the symptoms to degenerative disc disease. Additionally, while the Office of Judges previously reopened this claim and granted temporary total disability benefits, it relied heavily on Dr. Weinsweig's former opinion which has since changed. The Office of Judges concluded Mr. Snodgrass's symptoms were a result of his March 21, 2000, injury and that he should be referred for another independent medical evaluation to determine the amount of permanent impairment relating to the 2009 injury. Temporary total disability benefits beyond April 26, 2012, were denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 13, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Both Dr. Guberman and Dr. Weinsweig have had multiple opportunities to examine Mr. Snodgrass. Neither doctor attributes his symptoms to the October 6, 2009, injury. Dr. Thaxton has also opined that his symptoms are unrelated to the injury. Mr. Snodgrass has failed to meet his burden of proof showing a causal connection between his current symptoms and the 2009 injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

4

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum